**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4646

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER MCKINLEY BARNES, a/k/a Black,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. Gibney, Jr., Senior District Judge. (2:19-cr-00163-JAG-RJK-2)

Submitted: August 18, 2022                                Decided: August 22, 2022

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Elizabeth M. Wood-Hanna, WOOD HANNA LAW, Virginia Beach, Virginia, for Appellant. Andrew Curtis Bosse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher McKinley Barnes pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Barnes to 240 months' imprisonment. On appeal, Barnes' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although notified of his right to do so, Barnes did not file a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Barnes' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Barnes knowingly and voluntarily waived his right to appeal. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.

The waiver provision, however, does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss. Because Barnes did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing

for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Barnes entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Barnes' valid appellate waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. At this juncture, we deny counsel's motion to withdraw. This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*